IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DANIEL ROBERT HAMILTON, # B-26391,** )<br> )<br> **Plaintiff,** )<br> )<br>vs. )<br> )<br>**KENT BROOKMAN, TODD W. COWELL,** )<br>**KIMBERLY BUTLER, MR. PHARREL,** )<br>**MICHAEL D. HORN, MR. BRADLEY,** )<br>**MR. BEBOUT, MR. PHOENIX,** )<br>**MR. ADAMS, and MR. HOFFMAN,** )<br> )<br> **Defendants.** ) | Case No. 16-cv-1034-SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff, currently incarcerated at Menard Correctional Center ("Menard"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The Complaint is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims, and must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. *See* 28 U.S.C. § 1915A.

However, this merits review is hampered by the fact that Plaintiff has submitted nine or ten[1] versions of his Complaint (Docs. 1, 1-1, 1-2, 1-3, 1-4, 1-5, 1-6, 1-7, and 1-8), totaling 92 pages in all. For each document, Plaintiff has used the Court's standard civil rights complaint form, to which he has added several pages in order to list all the defendants and to have

---

[1] Document 1-4, which has 16 pages, contains two versions of the complaint.

sufficient space for his statement of claim.

There appears to be significant overlap between the various versions of the Complaint, and Plaintiff's request for relief is identical in each document (with the exception of one version, which is incomplete (Doc. 1-8)). No two versions are exactly alike, and they vary in length from seven to 18 pages. It is impossible for the Court to determine which of the nine or ten documents should be considered as the operative Complaint. The Clerk simply filed the longest (18-page) document as Document 1, but that version does not appear to contain all of the material that is included in some of the other documents.

In order for a plaintiff's Complaint to comply with Federal Rule of Civil Procedure 8(a), all claims against all defendants must be set forth in a *single* document. It is not the Court's responsibility to "cut and paste" the claims which Plaintiff has included in his many piecemeal and duplicative Complaints in order to come up with a single pleading. Therefore, if Plaintiff wishes to proceed with this action, he must re-draft his claims into one single Complaint.

**IT IS THEREFORE ORDERED** that Plaintiff shall file a First Amended Complaint within 28 days of the entry of this order (on or before December 7, 2016). It is strongly recommended that Plaintiff use the form designed for use in this District for civil rights actions. He should label the pleading "First Amended Complaint" and include Case Number 16-cv-1034-SMY. **The first amended complaint must set forth all of Plaintiff's claims against the defendants in a *single* pleading.** For each separate claim in the amended complaint, Plaintiff shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions that each defendant took in violation of Plaintiff's rights. Plaintiff should attempt to include the facts of his case in chronological order, inserting defendants' names where necessary to identify the actors and the dates of any material acts or omissions.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must contain all the relevant allegations in support of Plaintiff's claims and must stand on its own, without reference to any other pleading. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any relevant exhibits he wishes the Court to consider along with the First Amended Complaint.

If Plaintiff fails to file an amended complaint in accordance with the instructions set forth in this Order, this case shall be subject to dismissal with prejudice for failure to comply with an order of the Court. *See* FED. R. CIV. P. 41(b). Plaintiff may also incur a "strike" within the meaning of § 1915(g) if his complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted.

No service shall be ordered on any defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 9, 2016**

<u>s/ STACI M. YANDLE</u>
United States District Judge
